**IN THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JEFFREY GRAY**                                                              **PLAINTIFF**

**v.**                                                  **CAUSE NO.**  1:24cv158 HSO-BWR

**CITY OF WAVELAND, MISSISSIPPI;
SERGEANT JOSEPH JOFFRION; and
OFFICER WILLIAMS ANDRESS, in their
individual and official capacities**                          **DEFENDANTS**

---

### COMPLAINT

---

**Trial by jury demanded**

1. United States Army veteran Jeffrey Gray is a man with a heart for homeless veterans. He believes in raising awareness of the plight of homeless veterans, protecting constitutional rights, and ensuring that law enforcement officers honor their oath "to support and defend" the United States Constitution. Gray feels called by God to spread a message consistent with his concerns and to do so by exercising his freedom of speech and assembly at traditional public forums, especially in locations where he is likely to interact with public officials.

2. Defendants do not respect Gray's right to spread this message, and object to the content of Gray's speech, so they violated his rights under color of law in an effort to curtail his expressive conduct. Gray's damages were proximately caused by the Defendants' acts and omissions.

3. Gray brings this lawsuit to seek redress for violations of his constitutionally protected rights and to seek prospective relief against similar violations by the Defendants toward

Gray or other similarly situated persons.

4. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

5. This action involves claims under 42 U.S.C. § 1983 for the deprivation of rights secured by the Constitution of the United States, as well as those rights protected from infringement and abuse under the Constitution and laws of the State of Mississippi, under the color of law.

6. This Court has jurisdiction over the federal claims asserted under 28 U.S.C. §§ 1331 and 1343. This Court has ancillary and/or pendent jurisdiction under 28 U.S.C. § 1367. The Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in Waveland, Mississippi, within this judicial district and at least some Defendants are citizens domiciled within the judicial district.

8. Plaintiff, Jeffrey Gray, is a citizen of Saint Augustine, St. Johns County, Florida, and was at all times mentioned herein.

9. Defendant City of Waveland is a governmental body (municipal corporation) capable of suing and being sued. The City is liable for its policies, customs, and ordinances which violated Gray's rights, and for its failure to adequately train Joffrion and Andress to respect Gray's constitutionally protected rights.

10. Defendant Sergeant Joseph Joffrion was at all times relevant hereto a police officer employed by the City of Waveland Police Department. He is sued in his individual and official capacities for the deprivation of Gray's rights, privileges, and immunities. Joffrion was acting under color of law when the violations occurred.

11. Defendant Officer William Andress was at all times relevant hereto a police officer employed by the City of Waveland Police Department. He is sued in his individual and official capacities for the deprivation of Gray's rights, privileges, and immunities. Andress was acting under color of law when the violations occurred.

12. On Wednesday, May 30, 2023, at approximately 9:45 am, Gray was engaged in peaceful expressive activity, holding a sign that read "God Bless the Homeless Veterans" outside the City Hall in Waveland, Mississippi, on the sidewalk next to the main entrance of the building but in no way impeding ingress or egress to the facility.

13. The Waveland City Hall is public property.

14. Wednesday, May 30, 2023, at approximately 9:45 am, was within the regularly posted business hours of the Waveland City Hall.

15. There is perhaps no traditional public forum more "quintessential" than the steps (or in this case entrance) to city hall, but in any event, Gray was present at a traditional public forum. *Pouillon v. City of Owosso*, 206 F.3d 711 (6th Cir. 2000).

16. Gray was walking up and down the public sidewalk with a cardboard sign, waving and repeating the message "God Bless the Homeless Veterans." Gray had a few interactions with unnamed individuals. One of these included a compassionate citizen offering Gray a gift which he politely refused, none of the others were out of the ordinary and mainly comprised of him explaining how he is trying to raise awareness for homeless veterans.

17. Gray was not abusive, threatening, or obstructionist at any point. Gray did not harass or harangue anyone. Gray acted peacefully and spoke at a reasonable volume typical for speaking on a public sidewalk.

18. Gray did not engage in disorderly conduct or "offensive behavior" or use "offensive

language" (whatever those terms mean). Gray was not consuming alcoholic beverages. Gray did not "create a disturbance or annoyance."

19. Gray did not ask any person for money or other financial support, e.g. panhandle.

20. Gray was present on public property during regularly posted business hours with legitimate business.

21. The incident begins when Sergeant Joseph Joffrion from the Waveland, Mississippi Police Department pulls up in his cruiser, gets out, and ***immediately*** accuses Gray of "vagrancy." Joffrion conducted no independent investigation and had no reasonable facts upon which to make the accusation.

22. Joffrion appears completely and totally unaware of what constitutes vagrancy, explaining Gray has been "begging for food, money, and stuff like that." Joffrion conducted no independent investigation and had no reasonable facts upon which to make the accusation.

23. Although  Miss. Code Ann. § 97-35-37 has since been repealed (because it was unconstitutional), at one time a "vagrant" under Mississippi law was an idle person who is able to work but does not, and has no property or visible means to support themselves. Gray was not a "vagrant."

24. But even if Gray was a "vagrant," he was not committing any crime.

25. Panhandling is protected speech. But, more to the point, Gray was not panhandling and as already explained Gray has video evidence of refusing a voluntary charitable gift.

26. Following the accusation of "vagrancy," Joffrion states that if Gray does not provide identification, "You're going to jail. Period. ... You're going to jail, no questions asked. ... How many times do I got to explain it to you?"

27. Almost immediately afterward, Joffrion changes the charge, saying he will arrest Gray for failure to identify.

28. Gray requests to leave without providing identification, but Joffrion refuses. At this point Gray was detained, unable to leave of his own volition.

29. In contradiction of himself, Joffrion orders Gray, "You're not going to stay here, period. ... I'm instructing you. I'm giving you a lawful order to leave." Under established, unquestioned law, there was nothing "lawful" about Joffrion's "order."

30. Gray then attempts to leave without providing identification. Joffrion refuses to allow Gray to leave. If there had been any doubt that Gray was detained previously, there is no further confusion.

31. Joffrion literally follows Gray to prevent his departure. When Gray again protests the lawfulness of his speech, Joffrion responds, "I don't care if you explained it to me or not."

32. Joffrion then wrongly says that Gray is obligated to identify himself regardless of whether he is under investigation for the commission of a crime. Joffrion says again, "You don't have to explain anything to me because I literally don't care" and that he is acting at the direction of the Mayor of the City of Waveland. The Mayor confirmed this in a subsequent news release. Joffrion was therefore acting at the specific request and instruction of the City of Waveland.

33. Joffrion erroneously states, "This isn't some freewill state" and if Gray does not like it, he can return to Florida.

34. Attention is drawn to the Mississippi Constitution's provisions that, "The right of the people peaceably to assemble and petition the government on any subject shall never be impaired. ... The freedom of speech and of the press shall be held sacred...." Joffrion has

no better understanding of the meaning of "sacred" and "shall never be impaired" than he does of "vagrancy."

35. Sergeant J. Joffrion claims to be a "supervisor" of the police department indicating his awareness of and familiarity with the official policies and practices of the Waveland Police Department.

36. Joffrion then lies, saying, "I never said you were going to jail."

37. Joffrion lies again seconds later, stating that you "absolutely" cannot obtain body camera footage in the State of Mississippi through a public records request.

38. Joffrion repeats that Gray is not permitted to stay on the public property.

39. Joffrion says he is issuing Gray "a lawful order not to come back."

40. Throughout the encounter, Joffrion is in a police uniform complete with a badge, handgun, handcuffs, and the other accouterments commonly found on law enforcement officers. There is no doubt that Joffrion was acting in his capacity as a police officer for the City of Waveland.

41. Gray was not charged with any criminal offense because he had committed none.

42. Throughout the incident Defendant Andress stands idly by, giving his tacit approval to Joffrion's illegal conduct. At no point does Andress attempt to prevent or interrupt the violation of Gray's rights. Rather, Andress was a willing and active participant in the violation of Gray's rights.

43. Joffrion and Andress lacked reasonable suspicion, arguable reasonable suspicion, probable cause, or arguable probable cause to detain or arrest Gray, and had absolutely no grounds to suspect Gray of the commission of a crime.

44. Gray's freedom of speech and freedom of assembly were unlawfully curtailed.

45. Gray's speech was chilled.

46. Gray was subject to an illegal detainment in violation of law.

47. Defendants had no lawful basis to prohibit Gray from continuing to engage in expressive activity.

48. Gray was unlawfully searched when his identification was obtained and utilized to perform a background check.

49. Gray was threatened with arrest if he did not follow Joffrion's illegal commands or if he returned to the traditional public forum for expressive activity.

50. The First Amendment to the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

51. The Constitution of the State of Mississippi, adopted November 1, 1890, provides in part:

*SECTION 11: Peaceful assemblage; right to petition government.*

The right of the people peaceably to assemble and petition the government on any subject shall never be impaired.

*SECTION 13. Freedom of speech and press; libel.*

The freedom of speech and of the press shall be held sacred; …

*SECTION 14. Due process.*

No person shall be deprived of life, liberty, or property except by due process of law.

52. "The Mississippi Constitution of 1890 provides safeguards similar to those provided by the federal constitution... In Mississippi courts as well as in federal courts, the protection of free speech is sacred and not to be dismissed lightly by trial judges." *Jeffries v. State*, 724 So.2d 897 ¶ 10 (Miss. 1998).

53. Speaking on behalf of a cause of public concern, in this case homeless veterans, is the epitome of protected free speech, and this protection extends even to asking for money or something else, such as prayers that God bless homeless veterans. *Terminiello v. Chicago*, 337 U.S. 1, 4 (1949); *Smith v. City of Fort Lauderdale*, 177 F.3d 954, 956 (11th Cir. 1999).

54. It is clearly established that the First Amendment protects expression on public issues. *Snyder v. Phelps*, 562 U.S. 443, 451–52 (2011). This includes messages construed as raising awareness for homeless veterans.

55. Gray was targeted based on the content of his speech and the Defendants' objection to his message.

56. Joffrion and Andress lacked sufficient cause to compel Gray to identify himself to law enforcement.

57. Joffrion and Andress injured Gray by violating his well-established right to engage in anonymous expression, entitling Gray to declaratory relief and compensatory damages, including at least nominal damages, against Joffrion and Andress.

58. Banning, or in this case giving a "lawful order to leave" a person without procedural due process is a system of prior restraint in violation of clearly established First and Fourteenth Amendment rights. *United States v. Frandsen*, 212 F.3d 1231, 1236–37 (11th Cir. 2000); *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1267 (11th Cir. 2011). Prior

restraints are permissible, if at all, only where they are issued according to "narrow, objective, and definite standards[.]" *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–151 (1969). A prior restraint is permissible, if at all, only where the government bears "the burden of going to court" to justify its prior restraint. *United States v. Frandsen*, 212 F.3d 1231, 1238 (11th Cir. 2000).

59. Mississippi's law on prior restraint is similar to the federal precepts: prior restraint is presumptively invalid. *Jeffries v. State*, 724 So.2d 897 ¶ 7 (Miss. 1998), citing *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976) (invoking the three-part determination to overcome the presumption). See also *James v. Thompson,* 356 So.3d 86 ¶ 16 (Miss. 2022). To be a valid prior restraint, the publication must result in damage to a "near sacred" right, it must be effective, and there must be no less extreme measures available. *Id*. In *Jeffries,* the trial judge erred by ordering a reporter, who reported on a juvenile criminal record discussed in the court proceedings, jailed despite this being a violation of the court's explicit instructions to the reporter. The prior restraint was unsustainable.

60. It is well established that the First Amendment protects "verbal criticism and challenge directed at police officers." *Houston v. Hill*, 482 U.S. 451, 461–62 (1987). The refusal to follow an unlawful directive to stop lawful but disfavored speech cannot serve as grounds for law enforcement action. Similarly, the refusal to stop speaking, not to answer questions, or to keep making the expressive conduct is not disobedience of a lawful order or disorderly conduct, nor can it serve as grounds for an officer to demand the speaker's removal.

61. Defendants Joffrion's and Andress' actions were taken under color of state law and

violated Plaintiff's clearly established constitutional rights to free speech, assembly, and protection from unreasonable searches and seizures.

62. Defendants' actions, policies, and practices as described were a direct and proximate cause of the violation of Plaintiff's rights under the First Amendment to the United States Constitution as well as Sections 11 and 13 of the Mississippi Constitution.

63. Defendants' actions as described were a direct and proximate cause of the violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution as well as Section 14 of the Mississippi Constitution.

64. The City of Waveland delegates to its police officers, including Joffrion and Andress, the authority to issue trespass warnings, notices, or directives to members of the public barring them from city property or public spaces under threat of criminal prosecution. As stated previously, Joffrion stated he was acting at the express direction of the Mayor of the City of Waveland, Mississippi.

65. The City's prior restraint of Gray's speech violated Gray's rights.

66. The City's practice and policy violates Gray's right to due process. The City has no published or disclosed method to challenge the prior restraint. The City's policy and practice did not require Joffrion to obtain any judicial approval or provide any protection for Gray's rights. Gray was not afforded any opportunity to challenge the legality of his order to leave and not return.

67. The actions of Joffrion and Andress conformed to the official policy, custom, and/or practice of the City of Waveland.

68. The City's policy and practice does not serve a legitimate governmental interest and lacks any, much less sufficient, due process protections. The right to procedural due process

requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

69. The City's training of Joffrion and Andress was inadequate in relation to the enforcement tasks assigned to these officers, the City was indifferent to the rights of Gray, and the failure to adequately train these officers resulted in Gray's damages.

70. Joffrion instructs Gray that he must leave and that he has "a lawful order not to come back." The instruction to leave and not come back is indefinite and undefined. Gray does not know if he is banned from all City property, or for how long. The City has intentionally permitted these ambiguities to exist in order to chill and deter Gray.

71. A basic tenant of the right to due process of law, including under Mississippi law, is the opportunity to be heard at a meaningful time and in a meaningful way, with adequate notice of possible governmental action. *Lee v. City of Pascagoula*, 2022-CA-01190-COA ¶ 31 (Miss. Ct. App. 2024) citing *Miss. Bd. of Veterinary Med. v. Geotes*, 770 So.2d 940, 943 (¶13) (Miss. 2000) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)), *Carl Ronnie Daricek Living Tr. v. Hancock Cnty. ex rel. Bd. of Sup'rs*, 34 So.3d 587, 595 (¶16) (Miss. 2010).

72. The City was afforded an opportunity to rescind the "lawful order [sic] not to come back," but failed to do so, exhibiting deliberate indifference to the continuing limitation on Gray's right to access a traditional public forum to engage in protected speech.

73. The City was provided a notice of intent to sue in compliance with Mississippi law but made no response.

74. Gray has exhausted any and all administrative remedies available.

75. The City's policy and practice of prior restraint violated Gray's right of free speech and freedom of assembly to petition the government on any subject.

76. Due to Defendants' imposition of a prior restraint without due process of law in a malicious, oppressive, and in reckless disregard of Gray's well-established rights, Gray is entitled to punitive damages against each.

WHEREFORE, Plaintiff prays for relief as follows:

A.  Declaratory relief, declaring the actions of the Defendants unconstitutional and that any City of Waveland code or practice involved in this incident unconstitutional in its application;

B.  Rescission, revocation, and termination of any "lawful order [sic] not to come back," warnings, and records pertaining to Gray and any public property within the City of Waveland, Mississippi.

C.  Compensatory damages in an amount to be determined at trial;

D.  Punitive damages against the individual Defendants for their malicious, oppressive, and in reckless disregard of Gray's well-established rights;

E.  Prospective injunctive relief affirming and protecting Gray's right to hold a sign in a public space, to peacefully communicate a political message to others, to not be unjustly compelled to identify himself, to safely film police officers without interference, and to not be subject to unlawful search and seizure for doing so in the future;

F.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

G.  Any other relief that the Court and jury deems just and proper.

BY: FREELAND MARTZ, PLLC

_____

M. REED MARTZ, MS BAR 101443

Page 12 of 13

FREELAND MARTZ, PLLC
302 Enterprise Drive, Suite A
Oxford, MS 38655
662.234.1711
reed@freelandmartz.com