IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JEFFREY GRAY**                                                         **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO.: 1:24-CV-158-HSO-BWR**

**THE CITY OF WAVELAND,
MISSISSIPPI, ET AL.**                                            **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

The parties agree that, during the course of discovery, it may be necessary to obtain certain tax and financial records of Plaintiff. They agree that these records should be treated as confidential, protected from disclosure outside of this litigation, and used for the purpose of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Agreed Protective Order to limit the disclosure, dissemination, and use of this confidential information.

For good cause shown under Federal Rule of Civil Procedure 26(c), and in order to facilitate discovery while protecting confidential information, it is hereby **ORDERED**:

1. <u>Scope</u>. Plaintiff's tax and financial records, whether obtained from the Internal Revenue Service or produced by Plaintiff or Plaintiff's representatives, are subject to this Order concerning Confidential Information as set forth below.

2. <u>Definition of Confidential Information</u>. As used in this Order, "Confidential Information" is defined as Plaintiff's tax and financial records, whether obtained from the Internal Revenue service or produced by Plaintiff or Plaintiff's representatives.

3.      <u>Form and Timing of Designation</u>.   The parties contemplate defense counsel obtaining Plaintiff's tax records from the IRS pursuant to an authorization or Plaintiff self-producing certified returns or other financial records through his representatives. If obtained by defense counsel, defense counsel shall produce all records received to Plaintiff's counsel within seven days. Plaintiff's counsel shall then have seven days to review the documents and, if desired, designate such documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the documents and on all copies in a manner that will not interfere with the legibility of the document. Plaintiff shall similar use such marking upon his own production.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. Applying the marking to a document does not mean that the document has any status or protection, by statute or otherwise, except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4. <u>Protection of Confidential Material</u>.

    4.1 *General Protections.* Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

    4.2 *Who May View Designated Confidential Information.* Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(a) The parties to this litigation, including any employees, agents, and representatives of the parties;

(b) Counsel for the parties and employees and agents of counsel;

(c) The Court and court personnel, including any special master appointed by the Court, and members of the jury;

(d) Court reporters, recorders, and videographers engaged for depositions;

(e) Any mediator appointed by the Court or jointly selected by the parties;

(f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(g) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

(h) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(i) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

3

     (j) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

  4.3 *Notice*. Before being given access to Confidential Information, each person described in Paragraph 4.2(e)-(j) shall be advised of the terms of this Order, and shall be given a copy of this Order.

  4.4 *Control of Documents*. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order, including, without limitation, by instructing any of the individuals listed in Paragraph 6.2(f) and (g) that any Confidential Information disclosed to them is confidential and subject to a protective order limiting use of the information to this lawsuit.

 5. <u>Filing of Confidential Information</u>. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with Local Uniform Civil Rule 79. This protective order is not a judicial determination that any specific document or information designated by a party as confidential is subject to sealing under L.U. Civ.

R. 79 or otherwise. In order for any document or information to be filed under seal, a party must first file a motion to file the document or information under seal in accordance with the procedure set forth in L.U. Civ. R. 79. If a motion to seal is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. In the event the Court denies a party's motion to seal, nothing in this Order shall prevent the party from then filing the document at issue in the usual manner as part of the public docket.

6. <u>Challenges to a Confidential Designation</u>. The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

7. <u>Use of Confidential Documents or Information at Trial or Hearing</u>. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing

5

the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

8. <u>Order Subject to Modification</u>.  This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

9. <u>Persons Bound by Protective Order</u>.  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED**, this the 25th day of March, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE


AGREED TO:

/s/ G. Todd Butler
G. Todd Butler, MB #102907
Sonya C. Dickson, MB #106284
PHELPS DUNBAR LLP
4270 I-55 North
Jackson, Mississippi 39211
Telephone: 601 352 2300
Facsimile: 601 360 9777
todd.butler@phelps.com
Sonya.Dickson@phelps.com

*Attorneys for Municipal Defendants*

/s/ Reed Martz
M. Reed Martz, MB #101443
Freeland Martz PLLC

302 Enterprise Dr., Suite A
Oxford, Mississippi 38655
Telephone: 662-234-1711
reed@freelandmartz.com

*Attorney for Plaintiff*